WILLIAM A. JOHNSTON AND VERNA LEE C. JOHNSTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnston v. Commissioner
Docket No. 28135-92
United States Tax Court
T.C. Memo 1995-36; 1995 Tax Ct. Memo LEXIS 37; 69 T.C.M. (CCH) 1749; January 26, 1995, Filed *37 Decision will be entered for respondent. William A. Johnston and Verna Lee C. Johnston, pro se. For Respondent: James B. Ausenbaugh. HAMBLEN
HAMBLEN
MEMORANDUM OPINION HAMBLEN, Chief Judge: By statutory notice of deficiency dated September 28, 1992, respondent determined deficiencies in petitioners' 1988 and 1989 Federal income tax in the amounts of $ 7,332.57 and $ 6,437.21, respectively. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the 1988 and 1989 taxable years, and Rule references are to the Tax Court Rules of Practice and Procedure. The issue for decision is whether petitioners are entitled to a 10-percent investment tax credit under section 48 for the rehabilitation of their qualified residential rental property for the 1988 and 1989 taxable years. Sec. 38. Background
This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts and attached exhibits are incorporated by this reference and are found accordingly. Petitioners resided in Salt Lake City, Utah, at the time the petition was filed in this case. On October 1, 1980, petitioners purchased a residential duplex home for $ 70,000. *38 At the time of the purchase, one half of the duplex was rented, and petitioners continued to rent that half of the duplex to the same tenants until May of 1987, when petitioners decided to renovate the property. Petitioners have resided in the other half of the duplex since their purchase. In May of 1987, petitioners started the renovation of the duplex and spent $ 102,820.45 in renovation expenses for 1987. Petitioners continued the renovation through August of 1988 and spent an additional $ 16,312.68 in renovation expenses for 1988. The duplex retained 95 percent of its original walls after the renovation, and the parties have stipulated that it was substantially rehabilitated within the meaning of section 48(g)(1)(C). The building was originally constructed in approximately 1914 as a duplex. The building has not been listed in the National Register of Historic Places, is not located in a registered historic district, and is not a "certified historic structure" within the meaning of section 48(g)(3). Petitioners have always used the duplex as a residential rental unit. Petitioners maintain that they are entitled to a rehabilitation tax credit for qualified expenses relating *39 to their rehabilitated building on their 1988 and 1989 Federal income tax returns. Specifically, petitioners contend that: (1) The lodging exclusion in section 48(a)(3) applies only to tangible personal property used in a lodging facility, (2) real property (including qualified rehabilitated buildings) is excluded from the lodging exclusion in section 48(a)(3), and (3) qualified rehabilitated buildings become section 38 property, for which the investment tax credit is allowed, solely within the meaning of sections 48(a)(1)(E) and (g). Respondent claims that petitioners are not entitled to an investment tax credit because petitioners' duplex does not constitute "section 38 property" as the duplex was used predominantly for lodging within the meaning of section 48(a)(3). We agree with respondent. While petitioners' duplex is a "qualified rehabilitated building" and petitioners have incurred "qualified rehabilitation expenditures", which respondent concedes, we find that petitioners' property does not constitute "section 38 property". Consequently, petitioners are not entitled to a 10-percent investment tax credit for the rehabilitation of a qualified rehabilitated building as the *40 duplex was used to furnish lodging to petitioners within the meaning of section 48(a)(3). Discussion
Tax credits, like deductions, are a matter of legislative grace. LaPoint v. Commissioner, 94 T.C. 733, 736-737 (1990); Segel v. Commissioner, 89 T.C. 816, 842 (1987). Section 38 allows an investment tax credit for expenditures in certain types of property, described as "section 38 property". Section 38 property is defined in section 48(a). Section 48(a)(1)(E) provides that in the case of a "qualified rehabilitated building", [1] *41 the portion of the basis which is attributable to "qualified rehabilitation expenditures" [2] is generally treated as "section 38 property". The parties agree that petitioners have incurred qualified rehabilitation expenditures for a qualified rehabilitated building. However, certain categories of property are excluded from the definition of section 38 property and, therefore, cannot qualify for the credit. [3] The parties disagree as to whether section 48(a)(3) applies. *42 Section 48(a)(3) provides that property used predominantly to furnish lodging or in connection with the furnishing of lodging shall not be treated as section 38 property. Thus, if the section 48(a)(3) lodging exclusion applies, then the portion of the basis of a qualified rehabilitated building which is attributable to qualified rehabilitation expenditures is not treated as section 38 property, and an investment tax credit will be unavailable. Petitioners claim that the lodging exclusion to section 38 property provided in section 48(a)(3) applies only to personal property used in the quarters of a hotel, motel, inn, dormitory, or any other facility where sleeping accommodations are provided and let, and does not apply to the building itself. We disagree. The statute, legislative history, and case law demonstrate that an investment tax credit pertaining to qualified rehabilitation expenditures for a qualified rehabilitated building is unavailable if the property is a noncertified historic structure which was used predominantly for or in connection with the furnishing of lodging within the meaning of section 48(a)(3). Both a plain reading of the statutes involved and the legislative *43 history pertaining to the rehabilitation of old buildings confirm that the investment tax credit is unavailable for noncertified historic structures used predominantly for lodging. Prior to 1976, the Internal Revenue Code provided few incentives for preserving or rehabilitating older buildings. In this regard, the only provisions of any consequence were: (1) Section 191, which allowed certain expenditures incurred in the rehabilitation of certified historic structures [4] to be amortized over a 60-month period; (2) section 167(o), which allowed accelerated depreciation where rehabilitation expenditures exceeded certain thresholds; (3) section 167(n), which required use of straight-line cost recovery over the useful life of a building placed in service at the site of a demolished or substantially altered certified historic structure; and (4) section 280B, which discouraged the destruction of historic structures by requiring the expenses of demolishing a certified historic structure to be capitalized as part of the cost of the land. [5] The Tax Reform Act of 1976, Pub. L. 94-455, sec. 2124(a)(1), 90 Stat. 1916-1917, provided tax incentives only for "certified historic structures". [6] *44 *45 In 1978, Congress resolved to further promote the rehabilitation of older building by providing an investment tax credit for qualifying rehabilitation expenditures. Faced with concerns respecting the declining usefulness of older buildings throughout the country, primarily in central cities and older neighborhoods of all communities, the House Ways and Means Committee explained: Reasons for change
Buildings and their structural components have not been eligible for the investment tax credit since it was enacted in 1962.* * * * * * The committee believes that it is appropriate now to extend the initial policy objective of the investment credit to enable business to rehabilitate and modernize existing structures. * * * [H. Rept. 95-1445, at 86 (1978), 1978-3 C.B. (Vol. 1) 181, 260.]
In 1978, Congress enacted section 48(a)(1)(E) and (g), which allowed investment tax credits for qualified rehabilitation expenditures as an alternative to the amortization and depreciation provisions of sections 191 and 167(o). Revenue Act of 1978, Pub. L. 95-600, sec. 315, 92 Stat. 2828. This was the first time that buildings and their structural components *46 became eligible for the investment tax credit. H. Rept. 95-1445, supra at 86, 1978-3 C.B. (Vol. 1) at 260-262. The Revenue Act of 1978 also extended tax incentives for buildings that were not "certified historic structures" but were older than 20 years. [7] The legislative history states: The bill extends the investment credit to rehabilitation expenditures incurred in connection with existing buildings used in all types of business or productive activities except buildings, such as apartments, which are used for residential purposes. Eligible buildings would include factories, warehouses, office buildings, hotels, [footnote reproduced below] and retail and wholesale stores. * * * [Id. at 86-87, 1978-3 C.B. (Vol. 1) at 260-261.]
The footnote stated: Buildings used for lodging will not generally be eligible (sec. 48(a)(3)). However, the exception for lodging facilities would not apply to hotels and motels where the predominant portion of the accommodations is used by transients. [Id. at 87, 1978-3 C.B. (Vol. 1) at 261.]
In 1978, the availability of the investment tax credit for qualified rehabilitation expenditures incurred *47 after October 31, 1978, with respect to qualified rehabilitated buildings was subject to the same limitations generally applicable to section 38 property, including the requirement that the property not be used predominantly for lodging. Thus, if a building was used for lodging within the meaning of section 48(a)(3), then the qualified rehabilitation expenses incurred in connection with that building would be specifically excluded from qualifying for an investment tax credit. Prior to amendment by the Economic Recovery Tax Act of 1981 (ERTA), Pub. L. 97-34, sec. 212, 95 Stat. 235, section 48(a)(3) provided: SEC. 48(a)(3). Property Used for Lodging. -- Property which is used predominantly to furnish lodging or in connection with the furnishing of lodging shall not be treated as section 38 property. The preceding sentence shall not apply to -- (A) nonlodging commercial facilities * * * (B) property used by a hotel or motel * * * (C) coin-operated vending machines * * *.
*48 In 1981 Congress enacted section 48(a)(3)(D), which specifically exempted qualified rehabilitation expenditures incurred in the rehabilitation of certified historic structures from the lodging exclusion. ERTA sec. 212(a)(3), 95 Stat. 236. Subparagraph (D) of section 48(a)(3) provided an exception to the section 48(a)(3) lodging exclusion for: [SEC. 48(a)(3)] (D) a certified historic structure to the extent of that portion of the basis which is attributable to qualified rehabilitation expenditures.
Qualified rehabilitation expenditures attributable to a certified historic structure may qualify for the investment tax credit even where the rehabilitated structure is used for lodging within the meaning of section 48(a)(3); however, petitioners are unable to take advantage of this exception to the lodging exclusion as it is undisputed that their property is not a certified historic structure. [8] Property not qualifying as a certified historic structure remains ineligible for the investment tax credit if it is used predominantly for lodging. *49 The legislative history relating to the enactment of section 48(a)(3)(D) states: The 15- and 20-percent credits are limited, as under present law, to nonresidential buildings. However, the 25-percent credit for certified historic rehabilitation is available for both nonresidential and residential buildings. * * * [S. Rept. 97-144, at 72 (1981), 1981-2 C.B. 412, 437; emphasis added.]
After the enactment of section 48(a)(3)(D), noncertified historic buildings remained subject to the general lodging exclusion of section 48(a)(3). In 1981, Congress also amended section 48(g)(1)(B) by increasing the minimum age of buildings eligible for the credit from 20 to 30 years, ERTA sec. 212(b), 95 Stat. 236, and Congress repealed sections 191 and 167(n) and (o), ERTA sec. 212(d)(1), 95 Stat. 239. The next significant legislative changes affecting tax incentives for the rehabilitation of old buildings were made by the Tax Reform Act of 1986 (TRA 1986), Pub. L. 99-514, sec. 251, 100 Stat. 2183-2189. The most significant change made by TRA 1986 was replacing the three-tier qualified rehabilitation expenditure credit with a two-tier credit. TRA 1986 sec. *50 251(a), 100 Stat. 2183. For property rehabilitated after December 31, 1986, a 10-percent credit is provided for noncertified historic structures, and a 20-percent credit is provided for certified historic structures. Sec. 46(b)(4). TRA 1986 also expanded the definition of a qualified rehabilitation expenditure by enacting section 48(g)(2)(A)(i)(II), which specifically included residential rental property. TRA 1986 sec. 251(b), 100 Stat. 2184-2185. TRA 1986 did not amend the section 48(a)(3) lodging exclusion. The investment tax credit remained unavailable for noncertified historic structures used predominantly for lodging. The legislative history pertaining to TRA 1986 demonstrates that the investment tax credit is unavailable for noncertified historic residential structures used predominantly for lodging within the meaning of section 48(a)(3). It states: As under present law, the 10-percent credit for rehabilitation of buildings that are not certified historic structures is limited to nonresidential buildings, but the 20-percent credit for rehabilitation of historic buildings is available for both residential and nonresidential buildings. [S. Rept. 99-313, at 754 (1986), *51 1986-3 C.B. (Vol. 3) 1, 754.]
Additionally, case law clearly shows that the investment tax credit is unavailable for noncertified historic structures used to furnish lodging. In Bailey v. Commissioner, 88 T.C. 1293 (1987), the taxpayer claimed an investment tax credit for the rehabilitation of a building which contained three apartments, and the taxpayer resided in one of the apartments. In holding that the taxpayer was not entitled to an investment tax credit, we stated: Under section 48(a)(3), petitioner is not entitled to the investment tax credit because his property is used exclusively to furnish lodging for himself and his tenants. See secs. 1.48-1(e), 1.48-1(h), Income Tax Regs. (buildings such as apartment houses do not qualify as section 38 property). In 1978, Congress added section 48(a)(1)(E) to allow an investment tax credit in the case of a qualified rehabilitated building for that part of the basis attributable to qualified rehabilitation expenditures. Sec. 315(a), Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2763, 2828. This credit is not available for buildings, such as apartments, that are used *52 for residential purposes. H. Rept. 95-1445, at 86-87 (1978), 1987-3 C.B. 260-261. Petitioner is not entitled to an investment tax credit under section 48(a)(1)(E) because his property was used for residential purposes. [Id. at 1304.]
Petitioners contend that Bailey v. Commissioner, supra, is not controlling because TRA 1986 changed the definition of qualified rehabilitation expenditure. While TRA 1986 changed section 48(g), the definition of qualified rehabilitation expenditure, it did not change the underlying requirements pertaining to the investment tax credit system. Not only must petitioners have a qualified rehabilitated building and qualified rehabilitation expenditures, sec. 48(a)(1)(E), (g), but petitioners' building must not be used predominantly for lodging within the meaning of section 48(a)(3). In Union Pac. Corp. v. Commissioner, 91 T.C. 32 (1988), we discussed the term "lodging" extensively. We stated: "Respondent argues that the plain meaning of the term "lodging" is any place where a person lives. We agree with respondent." Id. at 38. *53 We further stated: We do not find anything in the legislative history that would require us to give the term "lodging" something other than its plain meaning. [Footnote reproduced below.] The rationale for the lodging exception was stated in the Joint Committee on Taxation's General Explanation of the Revenue Act of 1961: "Lodging, or residential real estate, * * * [is] excluded on the ground that this property for the most part is used by consumers rather than in production." * * * [Id. at 39.]
The footnote stated: The lodging exception was part of the investment tax credit enacted in 1962. Revenue Act of 1962, sec. 2(b), Pub. L. 87-834, 76 Stat. 960, 963-970. The legislative history of the Revenue Act of 1962 does not shed light on the meaning of the term "lodging." * * * [Id.]
It is clear that petitioners' duplex was used exclusively for lodging within the meaning of section 48(a)(3). Union Pac. Corp. v. Commissioner, supra.Additionally, in Union Pac. Corp. v. Commissioner, supra, we noted that "Rental Housing would, of course, fall within the lodging exception". *54 Id. at 39 n.9. In LaPoint v. Commissioner, 94 T.C. 733 (1990), we discussed the rationale behind the section 48(a)(3) lodging exclusion by stating: "Lodging, or residential real estate, * * * [is] excluded on the grounds that * * * [the] property for the most part is used by consumers rather than in production." Id. at 736 (citing Staff of Joint Comm. on Taxation, General Explanation of Committee Discussion Draft of Revenue Bill of 1961, at 9 (J. Comm. Print 1961)). Petitioners contend that the section 48(a)(3) lodging exclusion applies only to tangible personal property used in a lodging facility, and real property (including qualified rehabilitated buildings) is excluded from the grasp of section 48(a)(3). Petitioners appear to rely on an alleged inconsistency between section 48(a)(3) (originally added to the Internal Revenue Code by the Revenue Act of 1962, Pub. L. 87-834, sec. 2(b), 76 Stat. 968), which excepts property used predominantly for lodging from the definition of "section 38 property", and section 48(g)(2)(A)(i)(II), amended in 1986 to include expenditures incurred in rehabilitating *55 residential rental property within the definition of "qualified rehabilitation expenditure". Petitioners' reliance on the amendment to section 48(g) is misplaced. The 1986 amendment recognized that it is possible to claim an investment tax credit for the cost of rehabilitating residential property which is certified as a historic structure. Petitioners' property, however, has not received such certification. Petitioners are not entitled to an investment tax credit under section 48(a)(1)(E) because their property was used exclusively to furnish lodging for themselves and for their tenants. Therefore, we sustain respondent's determinations. We have considered all other arguments made by petitioners and find them to be without merit. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. Sec. 48(g)(1) defines qualified rehabilitated building as follows: SEC. 48(g)(1). Qualified Rehabilitated Building. -- For purposes of this subsection -- (A) In General. -- The term "qualified rehabilitated building" means any building (and its structural components) if -- (i) such building has been substantially rehabilitated, (ii) such building was placed in service before the beginning of the rehabilitation, and (iii) in the case of any building other than a certified historic structure, in the rehabilitation process -- (I) 50 percent or more of the existing external walls of such building are retained in place as external walls, (II) 75 percent or more of the existing external walls of such building are retained in place as internal or external walls, and (III) 75 percent or more of the existing internal structural framework of such building is retained in place.↩
2. Sec. 48(g)(2) defines qualified rehabilitation expenditure as follows: SEC. 48(g)(2). Qualified Rehabilitation Expenditure Defined. -- For purposes of this section -- (A) In General. -- The term "qualified rehabilitation expenditure" means any amount properly chargeable to capital account -- (i) for property for which depreciation is allowable under section 168 and which is -- (I) nonresidential real property, (II) residential rental property, (III) real property which has a class life of more than 12.5 years, or (IV) an addition or improvement to property or housing described in subclause (I), (II), or (III), and (ii) in connection with the rehabilitation of a qualified rehabilitated building.↩
3. The availability of the investment tax credit for qualified rehabilitation expenditures is subject to several limitations including the requirements that the property: (1) Be depreciable (or amortizable); (2) have a useful life (as of the time the property is placed in service) of no less than 3 years; (3) not be used predominantly outside the United States; and (4) not be used predominantly for lodging. Sec. 48(a)(1)-(3). The portion of the rehabilitation expenditures that is attributable to the part of the duplex in which petitioners lived would not qualify for the credit in any event because that part of the duplex is not depreciable or amortizable under sec. 168. See Dennis v. Commissioner, T.C. Memo. 1993- 345↩.
4. Prior to its repeal in 1981, sec. 191(d)(4) defined the term "certified historic structure" as a depreciable building or structure listed in the National Register of Historic Places or property located in a historic district and certified by the Secretary of the Interior as being of historic significance.↩
5. Secs. 191, 167(n) and (o), and 280B were added to the Internal Revenue Code by the Tax Reform Act of 1976, Pub. L. 94-455, sec. 2124, 90 Stat. 1916.↩
6. Sec. 191(d)(1), as amended by the Tax Reform Act of 1976, Pub. L. 94-455, sec. 2124(a)(1), 90 Stat. 1916-1917, provided: (1) Certified Historic Structure. -- The term "certified historic structure" means a building or structure which is of a character subject to the allowance for depreciation provided in section 167 which -- (A) is listed in the National Register, (B) is located in a Registered Historic District and is certified by the Secretary of the Interior as being of historic significance to the district, or (C) is located in an historic district designated under a statute of the appropriate State or local government if such statute is certified by the Secretary of the Interior to the Secretary as containing criteria which will substantially achieve the purpose of preserving and rehabilitating buildings of historic significance to the district.↩
7. Unlike the sec. 191 amortization deduction, the rehabilitation credit that was available before the passage of the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 96 Stat. 172, sec. 48(g) was not limited to certified historic structures or to certified rehabilitation. Revenue Act of 1978, Pub. L. 95-600, sec. 315, 92 Stat. 2828.↩
8. The lodging exclusion in sec. 48(a)(3), which prohibits property used as lodging from being classified as sec. 38 property, is itself subject to four exceptions. Therefore, if one or more of the exceptions to the lodging exclusion apply, then even though the property was used for lodging, the property may still be treated as sec. 38 property. Sec. 48(a)(3)(D) provides that qualified rehabilitation expenditures pertaining to a "certified historic structure" are not disqualified from being considered sec. 38 property; however, petitioners do not contend that the property is question is a certified historic structure, and, consequently, this exception to the lodging exclusion of sec. 48(a)(3) is not at issue in this case.↩